THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jeffrey S.
 Evans, Appellant.
 
 
 

Appeal From Anderson County
 Alexander S. Macaulay, Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-464
Submitted October 1, 2010  Filed October
 25, 2010    
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant Attorney General Julie M. Thames, all of Columbia; and Solicitor
 Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Jeffrey S. Evans appeals his convictions
 for armed robbery and possession of a knife during the commission of a violent
 offense.  On appeal, Evans argues the trial court erred in denying his motions
 for a mistrial and directed verdict.  We affirm[1] pursuant to
 Rule 220(b)(1), SCACR, and the following authorities:  
1.  As to whether the trial court erred in denying Evans's motion for a
 mistrial:  State v. Culbreath, 377 S.C. 326,
 331, 659 S.E.2d 268, 271 (Ct. App. 2008) ("Whether to grant or deny a
 mistrial motion is a matter within the trial court's sound discretion, and the
 court's decision will not be disturbed on appeal absent an abuse of discretion
 amounting to an error of law. . . .  In order to receive a mistrial, a
 defendant must show error and resulting prejudice.").
2.  As to whether the trial court erred in denying Evans's
 motion for a directed verdict: S.C. Code Ann. §
 16-11-330(A) (2003) (stating armed robbery
 occurs when a person commits robbery while armed with a deadly weapon);  State v. Moore, 374 S.C. 468, 476, 649 S.E.2d 84, 88 (Ct. App. 2007)
 ("Robbery is defined as the felonious or
 unlawful taking of money, goods, or other personal property of any value from
 the person of another or in his presence by violence or by putting such person
 in fear."); Id. at 474, 649
 S.E.2d at 86 ("The appellate court may reverse the trial [court]'s denial of a motion for a directed verdict only if there is no evidence to support the [trial
 court's] ruling."); Id. at 474, 649 S.E.2d at 87 ("A case should be submitted to
 the jury if there is any direct evidence or any substantial circumstantial
 evidence that reasonably tends to prove the guilt of the accused or from which
 guilt may be fairly and logically deduced.").  
AFFIRMED.
WILLIAMS, PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.